**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

BRUCE WALDMER, et al.,

        Plaintiffs,

v.                                                                              Case No. 05-2098-KHV-DJW

SER SOLUTIONS, INC.,

        Defendant.

**PROTECTIVE ORDER**

This is a wage dispute arising under the Fair Labor Standards Act ("FLSA"). Plaintiffs are computer field technicians who claim that Defendant's compensation practices violate the FLSA in that Defendant failed to keep required time records and failed to pay Plaintiffs for overtime hours worked. Defendant provides proprietary software solutions for "contact center" customers, such as telemarketing agencies, collection agencies and quality assurance organizations.

Given the nature of the claims and the parties, and relevant to the need for this protective order, the parties have informed the Court that the following types of information and documents likely will be exchanged during the course of discovery in this matter:

(1)    personal information regarding Defendant's employees, including personnel files and personnel information; and

(2)    the manner in which defendant conducts its business operations, including budgeting, forecasting, development and implementation of software technology and the collection of sensitive, and private customer information, all of which is information not made known to the general public or made available to Defendant's competitors.

With regard to discovery of this information, the parties have communicated to the Court that they seek to protect the privacy of the referenced individuals, as well as the confidential nature of any trade secrets and proprietary information, and also seek to prevent annoyance, embarrassment, and undue burden or expense to all the parties or persons involved herein.

THEREFORE, IT IS HEREBY ORDERED BY THE COURT that the following terms and conditions shall govern the acquisition, retention and disclosure during discovery of "Confidential Information" as defined below.

1. "Confidential Information" as used herein, means documents, information, items or materials (including electronically created or stored information) in the following categories:

    a. personal information regarding Defendant's employees, including personnel files and personnel information; and

    b. the manner in which defendant conducts its business operations, including budgeting, forecasting, development and implementation of software technology and the collection of sensitive, and private customer information, all of which is information not made known to the general public or made available to Defendant's competitors.

2. Should any party wish to broaden the term "Confidential Information" to any specific and identifiable categories of documents or information not presently designated, the parties shall attempt in good faith to reach an agreement regarding such desired changes and then request a supplemental protective order from the Court. If no agreement can be reached, the parties shall file an appropriate motion.

3. Designation of documents, information, items or materials as "Confidential Information" does not preclude the use of such documents in support of or in opposition to a dispositive motion or at trial, unless the presiding court so orders.

4. In the event a party objects to the designation by an attorney for the producing party of any information as "Confidential," then the parties will try to resolve the dispute on an informal, good faith basis. If the parties are unable to resolve a dispute informally, the objecting party may apply to the Court for relief. Any such disputed items shall be treated as "Confidential" and subject to the protections of this Order, unless and until the Court determines otherwise and during the pendency of any appeal therefrom. The burden of establishing confidentiality once challenged is upon the party producing the document. Neither party shall be obligated to challenge the propriety of a confidential designation and the failure to do so shall not constitute an admission that any item or information, is, in fact, "Confidential."

5. "Document," as used herein, shall mean the original and any copies or reproductions regardless of origin or location, of any correspondence, discoverable book, pamphlet, periodical, letter, diary, memorandum, telegraph, cable, report, record, study, stenographic or handwritten note, working paper, invoice, voucher, check, statement, chart, graph, map, diagram, blueprint, table, index, picture, voice or video recording, tape, microfilm, computer printout, CD, e-mail, data processing card or computer disc or any other written, recorded, transcribed, punched, taped, electro-mechanical, filmed or graphic matter, however produced or reproduced and copies or reproductions of any of the above that replicate or differ in any respect from the original, including copies containing marginal notations or other variations, and all other records or writings, however

produced or reproduced, and shall include, but not be limited to: interrogatory questions and answers and exhibits thereto, requests to admit or admissions, demands for the production of documents and responses thereto, and any other documents produced or served by any party in this action, whether pursuant to any rule, subpoena or by agreement; deposition transcripts produced in connection with this action and any exhibits thereto; and any other physical objects or things, as may be appropriate for the implementation of the purposes of this Order.

6. Where a party is producing documents it believes to contain "Confidential Information" as defined herein, the documents shall be so marked in such a manner as will not interfere with the legibility thereof. The producing party shall stamp the documents as "Confidential" either prior to producing them or after the receiving party has selected such documents for copying but prior to the actual release of the documents by the producing party. Those documents shall then be treated as "Confidential" pursuant to this order.

7. Where documents are produced by a non-party pursuant to subpoena, a party can identify those documents it believes are "Confidential Information" as that term is defined herein and that party can request that its adversary treat them as such. If the parties do not agree to treat those documents as "Confidential Information" under this Order, the parties shall confer and try in good faith to resolve the dispute. If the dispute is not resolved, a party may ask the Court to resolve the issue.

8. "Qualified Person" means Plaintiffs, Plaintiffs' counsel, Defendant, members, associates and employees of Defendant, Winston & Strawn LLP, or any successor counsel, local counsel or co-counsel to the parties who are engaged in the preparation of this action for trial, and any agent,

expert witness, witness, representative or employee of a party selected in good faith to engage in the preparation of this matter for trial, as well as any individual determined to be a "Qualified Person" by mutual agreement of counsel for the parties or court order. The treatment of material as "Confidential" shall not be construed to prevent Plaintiffs, Defendant or any of Defendant's officers, employees, agents or representatives from performing their duties in the normal course of business.

9. Unless otherwise set forth herein, the parties shall require each Qualified Person – before permitting such Qualified Person to review any material designated "Confidential" – to agree to be bound by all the terms of this Order and to agree to submit to the jurisdiction of the United States District Court for the District of Kansas with respect to the issuance of all orders necessary for the implementation and enforcement of this Order. If such a person declines to agree, there shall be no disclosure of material designated "Confidential Information" made to that person.

10. The parties shall further require each Qualified Person to agree to maintain such information in confidence and to reveal material designated as "Confidential" only to other Qualified Persons, except that nothing shall prevent disclosure beyond the terms of this Order if counsel for the Plaintiff and Defendant consent in writing to such disclosure or if the Court, after notice to all parties and upon motion, orders such disclosure. In no event, however, may material designated "Confidential" be utilized for any purpose other than that of prosecuting or defending this lawsuit. If served with a legal demand that a party or parties' attorneys or agents are required to disclose any such material designated "Confidential," that party will give the other parties ten (10) days written notice or such notice as is reasonably practicable prior to making any such disclosure by delivering a copy

of said demand by hand and mailed by registered or certified mail to the attention of the other parties' counsel of record.

11. Before providing any expert witness, consultant or any other witness who is deemed a Qualified Person with Confidential materials, counsel shall provide such witness with a copy of this Order and obtain the person's signature on a written assurance form, a copy of which is annexed hereto as Exhibit A, for the purpose of maintaining the confidential nature of all material designated "Confidential." Each such Qualified Person's signature shall be notarized by an officer of a competent jurisdiction. Counsel should be responsible for maintaining copies of executed agreements in the form of Exhibit A which shall be available for inspection by counsel for any party. If such a person declines to sign a written assurance form, there shall be no disclosure of material designated "Confidential Information" made to that person. However, on ten (10) days' written notice to the other parties, the party seeking disclosure may request an order permitting such disclosure from the Court.

12. The parties have communicated to the Court that their intention that the parties and their counsel shall be, and hereby are, bound to the terms of this Order and that the parties and their counsel shall not be required to execute written assurance forms pursuant to paragraph 8, supra. The attorneys for the parties on their own behalf and on behalf of their agents, representatives and employees have communicated to the Court that they agree they will not disclose any information to any Qualified Person unless that person agrees, pursuant to paragraph 6, supra, to abide by this Order.

13. All material designated "Confidential" properly sought and disclosed by the parties, whether in response to interrogatories, requests for production of documents and information, or any other method of discovery authorized by the Federal Rules of Civil Procedure, will be subject to the terms and conditions of this Order. The parties reserve their right to object to the production of such information on any of the grounds permissible under the Federal Rules of Civil Procedure.

14. The inadvertent or unintentional disclosure by Plaintiffs or Defendant of "Confidential" material that was not so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of Plaintiffs' or Defendant's claims of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.

15. Counsel may, in the course of a deposition of a person who is not a Qualified Person, show such witness "Confidential Information" and examine the witness concerning such material, provided the witness is informed that the information is Confidential and is instructed that pursuant to Court order, such confidentiality must be maintained. Only Qualified Persons, or persons present at the request of Plaintiffs, Defendant, and their counsel, may be present at any such deposition during examination concerning Confidential Information. Those portions of deposition transcripts which are designated "Confidential" or which refer to documents or information otherwise deemed Confidential by any party shall be treated as Confidential Information and shown only to Qualified Persons. With respect to such deposition testimony, the designation of confidentiality may be made on the record at the time of the deposition, at which time the testimony shall be subject to the full protection of this Order. In the case of testimony not so designated during the course of the deposition, counsel may, within ten (10) days of receipt of the deposition transcript, notify the

parties that the deposition testimony contains confidential material, in which case the designated testimony shall be subject to the full protections of this Order. If counsel desires to file these deposition transcripts or any portions thereof with the Court, counsel shall file a separate specific motion requesting the transcript be filed under seal.

16. If counsel desires to file "Confidential" material with the Court, counsel shall file a separate specific motion to file such information under seal. Where possible, counsel shall request to file under seal only the relevant portions of such "Confidential" material.

17. Within 30 days of the conclusion of the proceedings herein (including appeals, if any), all documents containing information designated "Confidential" and in the possession of counsel, or any other person who has received such documents pursuant to the provisions of this Order, together with any and all copies, extracts and summaries thereof (other than copies, extracts and summaries constituting work product or used in preparation for litigation and/or as exhibits at trial), shall, at the election of the producing party, either be returned to counsel for the party which provided such documents, or shall be destroyed immediately with a letter certifying that such destruction has occurred, and the information contained in said documents shall not be used in any other judicial or other proceeding or for any other purposes, unless by court order.

18. Following termination of this litigation, the provisions of this Order relating to the confidentiality of protected documents and information shall continue to be binding, except with respect to documents or information that are no longer confidential.

19. This Order may be amended only by further order of the Court.

20. Counsel shall consult before trial, in good faith, regarding the treatment of material that is "Confidential" at trial and the disposition after trial of material used at trial and on appeal that is "Confidential." In the event that counsel are unable to reach agreement, any party may ask the Court to resolve the dispute. The parties agree to abide by the terms of this Order pending the resolution by the Court of any such dispute.

21. Nothing in this Order shall prevent the parties from using documents and information that is "Confidential" at trial.

22. The parties and their counsel shall not discuss with or disseminate to members of the news media or the public (except for those set forth above) who are not parties to this Order, any material that is "Confidential" provided pursuant to this Agreement.

23. This Order shall be without prejudice to the rights of any party or non-party to apply for additional or different protection where it is deemed necessary.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 16th day of August, 2005.

s/ David J. Waxse  
David J. Waxse  
United States Magistrate Judge

cc:   All counsel and *pro se* parties