# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

BRUCE WALDMER, et al.,

        Plaintiffs,

v.                                 Case No. 05-2098-JAR-DJW

SER SOLUTIONS, INC.,

        Defendant.

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiffs' Motion for Leave to File First Amended Complaint (doc. 30). In the original Complaint, Plaintiffs sued Defendant for failure to pay them overtime under the Fair Labor Standards Act[1] ("FLSA"). Plaintiffs now request permission to amend the Complaint to add a claim for retaliation on behalf of individual Plaintiff Lindeen. More specifically, Plaintiffs seek to amend the Complaint to allege that Defendant filed a baseless lawsuit against Plaintiff Lindeen in retaliation for the lawsuit Plaintiff Lindeen filed against Defendant. Defendant opposes the proposed amendment on grounds of futility. For the reasons stated below, Plaintiffs' Motion will be granted.

## Discussion

Rule 15 of the Federal Rules of Civil Procedure allows a party to amend the party's pleading once as a matter of course before a responsive pleading is served.[2] Subsequent amendments are allowed only by leave of court or by written consent of the adverse party.[3] Leave to amend, however, is to be "freely

---

[1] 29 U.S.C. § 201 *et seq.*

[2] Fed. R. Civ. P. 15(a).

[3] *Id.*

given when justice so requires," and the Supreme Court has emphasized that "this mandate is to be heeded."[4] The decision to grant leave to amend, after the permissive period, is within the district court's discretion and will not be disturbed absent an abuse of that discretion.[5]

Although Rule 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile.[6] A motion to amend may be denied as futile if the proposed amendment could not have withstood a motion to dismiss or otherwise failed to state a claim.[7] The court will dismiss a cause of action for failure to state a claim only when "it appears beyond a doubt that the [party] can prove no set of facts in support of his claims which would entitle him to relief"[8] or when an issue of law is dispositive.[9] The court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, and all reasonable inferences from those facts are viewed in favor of the claimant.[10] The issue in resolving a motion such as this is "not whether [the claimant] will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims."[11]

---

[4] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[5] *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991).

[6] *Jefferson County School Dist. No. R-1 v. Moody's Investor's Serv., Inc.,* 175 F.3d 848, 859 (10th Cir. 1999) (citing *Bauchman v. West High School*, 132 F.3d 542, 559 (10th Cir.1997)).

[7] *Id.*; *Schepp v. Fremont Cty.*, 900 F.2d 1448, 1451 (10th Cir. 1990).

[8] *Poole v. Cty. of Otero*, 271 F.3d 955, 957 (10th Cir. 2001) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

[9] *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

[10] *Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001).

[11] *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quotation omitted).

The FLSA provides that "it shall be unlawful for any person . . . to discharge *or in any other manner* discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter." To establish a prima facie case of retaliation under the FLSA, Plaintiff must show that (1) he or she engaged in activity protected by the FLSA; (2) he or she suffered adverse action by the employer subsequent to or contemporaneous with such employee activity; and (3) a causal connection existed between the employee's activity and the employer's adverse action.[12] In the context of posttermination retaliation against a former employer, the Tenth Circuit has recognized that "former employees, no less than present employees, need[ ] protection from discrimination by employers resentful of the fact that a complaint ha[s] been made against them for alleged violations of the Fair Labor Standards Act."[13] In *Rutherford*, the Tenth Circuit relied heavily on the reasoning of FLSA cases of retaliation in the post-employment context.[14]

In their proposed Amended Complaint, Plaintiffs allege (1) Lindeen engaged in protected activity by filing the Original Complaint; (2) Lindeen suffered an adverse action subsequent to engaging in the protected activity in that Defendant filed an allegedly frivolous lawsuit against him and is interfering with his current employment with Affinitas; and (3) a causal connection exists between Lindeen's participation in *Waldmer v. SER* and Defendant's allegedly willful and malicious filing of *SER v. Lindeen*. The Court finds

---

[12] *Conner v. Schnuck Markets, Inc.*, 121 F.3d 1390, 1394 (10th Cir.1997).

[13] *Rutherford v. American Bank of Commerce,* 565 F.2d 1162, 1165 (10th Cir. 1977) (applying reasoning of FLSA cases to Title VII discrimination case).

[14] *See id.* (relying on *Dunlop v. Carriage Carpet Co.*, 548 F.2d 139, 143 (6th Cir.1977), in which the court found retaliation against a former employer who disclosed to a prospective employer that the former employee had filed a FLSA claim).

these allegations, if ultimately proved, are sufficient to state a claim against the proposed defendants under the retaliation clause of the FLSA. In other words, viewing all reasonable inferences from the facts alleged in favor of Plaintiffs, the Court cannot conclude as a matter of law that Plaintiffs will be unable to prove the facts necessary to support their allegations. Defendant may very well be able to obtain summary judgment on this retaliation claim; however, it would be premature for the Court to deny Plaintiffs the opportunity to establish retaliation in violation of the FLSA.

Based on the discussion above, Plaintiffs' Motion for Leave to File First Amended Complaint (doc. 30) is granted and Plaintiffs shall electronically file and serve the First Amended Complaint on or before **November 23, 2005.**

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 16th day of November, 2005.

s/ David J. Waxse  
David J. Waxse  
United States Magistrate Judge

cc:   All counsel and *pro se* parties