aem/lml

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| BRUCE WALDMER, | ) | |
| BRIAN KILLPACK, | ) | |
| LARRY LINDEEN | ) | |
| MARK SOUVA and | ) | |
| CHRISTOPHER SCHWARTZ, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 05-2098-JAR |
| SER SOLUTIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER
## GRANTING DEFENDANT'S MOTION TO TRANSFER

This matter comes before the Court on defendant SER Solutions, Inc.'s ("SER") Motion to Transfer, or in the Alternative, Motion to Sever and  Transfer Claims of Certain Plaintiffs (Doc. 2).  SER seeks transfer of this case to the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a).  SER also contends that plaintiffs have improperly joined their claims in violation of Fed. R. Civ. P. 20(a).  Plaintiffs oppose transfer and contend that plaintiffs' claims are properly joined (Doc. 5).

In this action, plaintiffs seek redress for unpaid overtime pursuant to the Fair Labor Standards Act[1] ("FLSA").  Plaintiffs allege that they have regularly worked more than forty hours per week, and as non-exempt employees they must be paid overtime compensation in

---

[1] 29 U.S.C. § 201 *et seq.*

accordance with section 7(a)(1) of the FLSA.  They claim that SER has willfully violated the FLSA both by failing to pay them overtime compensation and by failing to keep accurate records of the hours that they have worked.

Over SER's objection, plaintiffs were granted leave to amend their Complaint.  On November 18, 2005, plaintiffs filed their amended complaint, along with a motion to amend scheduling order (Docs. 44 and 45).  The Court directed SER to supplement its motion to transfer with additional briefing on the effect of the amended complaint, which added a retaliation claim by plaintiff Larry Lindeen.  SER complied, and plaintiffs responded.

After analyzing the factors supporting and opposing transfer, this Court grants SER's motion to transfer.  The Court finds that the proposed transferee district, the Eastern District of Virginia, is one in which the action might have originally been brought.  Furthermore, the transfer will be more convenient to the parties and witnesses and will promote the interest of justice.

## I.       Background

SER is a privately held Virginia corporation headquartered in Dulles, Virginia.  SER provides propriety software solutions for contact center customers, such as telemarketing and collection agencies and quality assurance organizations.  SER has approximately 125 employees across the nation.  More than half of SER's employees work in Dulles, Virginia; and more than one quarter of them work in Norwalk, Connecticut.  In fact, plaintiff Bruce Waldmer is the only SER employee who works in Kansas.

Among SER's employees are field engineers, who work out of their homes or offices located throughout the country.  Plaintiff Bruce Waldmer, a Lead Field Engineer, works out of

his home/office in Olathe, Kansas. The other plaintiffs work[2] out of their respective homes/offices in Nebraska, New York or Florida.  SER's field engineers conduct complex installations and repairs of hardware and software products for SER customers across the nation. The products that are installed and repaired by the field engineers are located in unique customer environments and often require interfacing with various systems belonging to the customers, such as other telecommunication systems, voice recording systems, workforce management, and Customer Relation Management.

All of the contracting, planning, scheduling or supervising of the field engineers' work, as well as their training, takes place outside of Kansas.  The field engineers are supervised by Todd Haase, who works from his home in Nebraska.  The field engineers are part of SER's Installation Group, which is managed by Anthony Desjardin, who works out of both the Virginia and Connecticut offices.   The field engineers' work is coordinated by a manager who works in the Virginia office and their travel is coordinated and booked out of the Virginia office as well. The field engineers are trained at SER's Virginia and Connecticut offices.  Moreover, although the field engineers interface with customers in the field, customers requesting services contact personnel in the Virginia office, not the field engineers.  And, all of SER's service contracts are negotiated and executed in Virginia.

SER's identified witnesses include three non-party witnesses, former employees who are familiar with plaintiffs' employment histories and the nature of their work.  These non-party witnesses reside in Northern Virginia within the subpoena power of the Eastern District of Virginia.  SER has also identified six current employees as witnesses; all six of these potential

---

[2]Plaintiff Lindeen no longer works for SER, having resigned in July 2005.

3

witnesses live and work either in Northern Virginia or Connecticut.

## II.   Discussion

### Section 1404(a)

SER urges the Court to transfer this case to the Eastern District of Virginia. The determination of whether or not to transfer an action to another district lies within the sound discretion of the district court.[3]  Motions to transfer venue are governed by 28 U.S.C. § 1404(a), which provides in pertinent part that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[4]  Section 1404(a) is a "federal housekeeping measure, . . . allowing easy change of venue within a unified federal system."[5]

The party seeking the transfer bears the burden of establishing that the case should be transferred,[6] and a plaintiff's forum choice "should rarely be disturbed."[7]  A court should deny a request for transfer if the result is that the burden of an inconvenient venue would merely shift from one party to another.[8]  The convenience and fairness of the existing forum compared to that of the proposed forum must be analyzed on a case-by-case basis.[9]  Under the two-pronged standard for section 1404(a) motions, a case should be transferred if: (1) the proposed transferee

---

[3]*Schecher v. Purdue Pharma L.P.*, 317 F. Supp. 2d 1253, 1261 (D. Kan. 2004).

[4]28 U.S.C. § 1404(a).

[5]*Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981)).

[6]*Schecher*, 317 F. Supp. 2d at 1261.

[7]*Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992).

[8]*KCJ Corp. v. Kinetic Concepts, Inc.*, 18 F. Supp. 2d 1212, 1214 (D. Kan. 1998).

[9]*Chrysler Credit Corp.*,  928 F.2d at 1516.

district is one in which the action might have originally been brought; and (2) the transfer will be more convenient to the parties and witnesses and will promote the interest of justice.[10]

The FLSA does not provide for a specific venue,[11] and under 28 U.S.C. § 1391(b) venue is proper in the judicial district where the defendant resides.[12]  A corporate defendant is deemed to reside in a judicial district with personal jurisdiction over it when the action is commenced.[13] When a state has more than one district, as Virginia does, a corporation is deemed to reside in any district within which it has contacts sufficient to subject it to personal jurisdiction.[14]  Given that defendant is headquartered in Dulles, Virginia, the Eastern District of Virginia would be a proper venue.  Thus, the remaining issue for the Court to decide with regard to section 1404(a) is whether transferring this case to the Eastern District of Virginia would be more convenient to the parties and witnesses and promote the interest of justice.

In evaluating the appropriateness of a transfer, a court should consider the following factors:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that might arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantages of having a local court determine questions of local

---

[10]*Schecher*, 317 F. Supp. 2d at 1260-61.

[11]*See* 29 U.S.C. § 216(b) ("An action to recover the liability prescribed . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction  . . . .").

[12]28 U.S.C. § 1391(b).

[13]*Id*. at § 1391(c).

[14]*Id*.

law; and all other considerations of a practical nature that make a trial easy, expeditious and economical.[15]

### Plaintiffs' Choice of Forum

The plaintiffs have chosen the District of Kansas as the forum for their action against SER.  Courts generally must give great weight to a plaintiff's choice of forum.[16]  The choice, however, is not absolute.[17]  A plaintiff's forum choice is not entitled to as much deference when the plaintiff is not a resident of the forum state.[18]  Here, only one of the five plaintiffs, Bruce Waldmer, is a resident of Kansas.  The remaining plaintiffs are residents of Florida, Nebraska and New York.  Thus, although the Court must give deference to plaintiffs' forum choice, the weight of such choice is somewhat diminished because the majority of plaintiffs do not reside in Kansas.

### Accessibility of Witnesses

The accessibility of witnesses, both party and non-party, is an important factor in a section 1404(a) analysis.  In fact, the accessibility of non-party witnesses is the most important factor.[19]  The distinction between party and non-party witnesses is a critical one.[20]  Non-party witnesses cannot be compelled to testify if they reside outside the subpoena power of the court.[21]

---

[15]*Chrysler Credit Corp. v. Country Chrysler Inc.*, 928 F. Supp. 2d 1509, 1516 (10th Cir. 1991).

[16]*Black & Veatch Constr., Inc. v. ABB Power Generation, Inc.*, 123 F. Supp. 2d 569, 572 (D. Kan. 2000).

[17]*Buford v. First Sunset Dev., Inc.*, No. 95-1075, 1995 WL 396608, at *5 (D. Kan. June 9, 1995).

[18]*See Amwest Sur. Ins. Co. v. Guarantee Elec. Constr. Co.*, No. 00-2196, 2000 WL 1310512 (D. Kan. Aug. 21, 2000) (concluding that the plaintiff's choice of forum "weighs less heavily in plaintiff's favor . . . because plaintiff is not a resident of the [existing forum]").

[19]*Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F. Supp. 667, 669 (D. Kan. 1993).

[20]*Amwest Sur. Ins. Co.*, 2000 WL 1310512, at *4.

[21]*Id.*

Party witnesses, on the other hand, are "presumptively under the control of the party desirous of presenting their testimony."[22]

This Court has previously held that a defendant should not be forced to present a substantial portion of its case by deposition.[23]  If the present action remains in this district, SER may have to present the testimony of three non-party witnesses through videotaped depositions. Kathy Schmitt, Angela Ibarguen, and Pamela White, all proposed non-party witnesses, reside in Northern Virginia and are outside the subpoena powers of this Court.

Moreover SER has supplied the Court with factual information establishing the materiality and significance of these three non-party witnesses.  They are each former employees of SER and are each familiar with the history of plaintiffs' employment and the nature of their work.  Schmitt was SER's Vice President of Customer Operations when she left the company in July 2002.  Having managed the Installation Group, Schmitt has extensive knowledge of plaintiffs' job duties.  Ibarguan was SER's Executive Vice President of Human Resources and Facilities when she left in May 2002.  Having managed the Human Resources Department for nearly six years, Ibarguan has knowledge of SER's wage and hour issues.  And White was the Director of Compensation and Employee Relations when she left in June 2003.  She drafted the plaintiffs' job descriptions, made compensation arrangements, and implemented and administered time tracking for non-exempt employees and the payment of overtime.

Plaintiffs contend that Ibarguen and Schmitt are not material witnesses because they left

---

[22]*Id.*

[23]*Farr v. Designer Phosphate & Premix Int'l., Inc.*, 777 F. Supp. 895, 896 (D. Kan. 1991); *Employers Reinsurance Corp. v. MSK Ins., Ltd.*, No. 01-2608, 2003 WL 21143105, at *7 (D. Kan. Mar. 31, 2003).

SER in May and July 2002, respectively, shortly after the FLSA three year limitations period commenced.  Under 29 U.S.C. § 255, a cause of action arising out of a willful violation of the FLSA, which plaintiffs have alleged in this case, must be brought within three years after the cause of action accrued.[24]  Plaintiffs argue that because the FLSA-violative conduct must have occurred in March 2002 or thereafter, Ibarguen and Schmitt are not material witnesses, as Ibarguen was employed by SER for only two months of the relevant period of time, and Schmitt was employed for only four months of the relevant period.

Yet it is significant that four of the five plaintiffs were hired by SER as exempt employees before the proposed non-party witnesses left defendant's employ.[25]  Schmitt and Ibarguen were employed by SER at the time that most of these plaintiffs were hired,[26] and plaintiffs' exempt status has not changed since that time.  Accordingly, Schmitt and Ibarguen remain material witnesses with regard to defendant's characterization of plaintiffs as exempt employees.

Should the action remain in this district, SER would be unable to obtain compulsory process over Schmitt, Ibarguen or White.  It could, however, obtain such process in the Eastern District of Virginia.  Additionally, Virginia is a far more convenient forum for these non-party witnesses than Kansas, as they each reside in and around the Alexandria, Virginia area.

Although the convenience of non-party witnesses is to be given greater weight than that

---

[24]29 U.S.C. § 255.

[25]Only plaintiff Schwartz was hired after the proposed non-party witnesses had left their employment with SER.

[26]Only plaintiff Killpack was hired before the proposed non-party witnesses' employment with SER began. All three non-party witnesses, however, worked at SER during periods of time when Killpack worked as an exempt field engineer.

of party witnesses,[27] the convenience of party witnesses remains an important element of the transfer analysis.[28] SER listed six current employees as potential witnesses, including Juan Navarro, Carle Mergele, Rebecca Stallings, Anthony Desjardin, Jo Lovell and Steven Peavy. These employees are considered party witnesses because they are presumptively under the control of SER.[29] All but one of SER's proposed party witnesses work out of SER's headquarters in Dulles, Virginia. Peavy, who works exclusively out of SER's Connecticut location, is far closer to the Eastern District of Virginia than to the District of Kansas.

By contrast, there are no witnesses for either party located in Kansas, other than one of the five plaintiffs, Bruce Waldmer. In fact, of the 23 witnesses identified in plaintiffs' Preliminary Witness and Exhibit List, 13 reside on the East Coast–11 in Virginia and 2 in New York. Plaintiffs have not identified in their preliminary disclosures any other witnesses, aside from Waldmer, who reside in Kansas. Accordingly, transferring the action to the Eastern District of Virginia would be more convenient for all of the proposed party and non-party witnesses.

### Location Where Dispute Arose

It is advantageous for a local court to hear local disputes. In *Gulf Oil Corp. v. Gilbert*,[30] Justice Jackson noted that

> [a]dministrative difficulties follow for courts when litigation is

---

[27]*Amwest Sur. Ins. Co. v. Guarantee Elec. Constr. Co.*, No. 00-2196, 2000 WL 1310512, at *4 (D. Kan. Aug. 21, 2000).

[28]*See Schecher v. Purdue Pharma L.P.*, 317 F. Supp. 2d 1253, 1261 (D. Kan. 2004).

[29]*See Amwest Sur. Ins. Co.*, 2000 WL 1310512, at *4 (characterizing plaintiff's employees as party witnesses).

[30]330 U.S. 501 (1947).

9

> piled up on congested centers instead of being handled at its origin.
> Jury duty is a burden that ought not be imposed upon the people of
> a community which has no relation to the litigation. . . . There is a
> local interest in having localized controversies decided at home.[31]

Although SER regularly conducts business in Kansas, and a majority of the plaintiffs

have done some work for SER in Kansas in the past three years, the logical origin of this dispute

is Virginia.  It was at the company's headquarters in Virginia that SER's personnel made and

implemented the decision to treat plaintiffs as exempt under the FLSA.  No company policies

were ever established in Kansas.

### Recent Factors

In November 2005, two events occurred: (1) over SER's objection, plaintiffs filed an

Amended Complaint that adds a retaliation claim by plaintiff Lindeen; and (2) plaintiffs

requested and were granted a 90 day extension of the discovery and other deadlines in this case;

discovery shall be completed by March 31, 2006, dispositive motions shall be filed by May 11,

2006, and trial is set for March 13, 2007.  These events further support the transfer of this case to

the Eastern District of Virginia.

With respect to the Amended Complaint, the basis of plaintiff Lindeen's retaliation claim

is that SER filed a purportedly frivolous lawsuit against him after he left SER's employ.  That

lawsuit was filed in Virginia state court by SER to enforce the non-compete and confidentiality

agreement between plaintiff Lindeen and SER.  Plaintiff Lindeen, who resides in Nebraska,

removed the Virginia litigation from state court to the Eastern District of Virginia.  "The

pendency of related litigation in another forum is a proper factor to consider in resolving choice

---

[31]*Id.* at 508-09.

of venue questions."[32]  Transfer of this case to the Eastern District of Virginia is warranted to facilitate consolidation with the existing SER lawsuit, which involves related issues and allegations.

Moreover, the Court has granted, at plaintiffs' request, a substantial extension of the deadlines in this case, including a trial date in March 2007.  No depositions have been taken in this case thus far.  SER has represented to the Court that if the case is transferred to the Eastern District of Virginia, it will in all likelihood be tried within the next six months, a factor that weighs in favor of transfer.

### III.    Conclusion

Having weighed all of the relevant factors, as supplemented by plaintiff Lindeen's newly added retaliation claim, the Court concludes that defendant SER has demonstrated that the present forum is inconvenient and that transfer to the Eastern District of Virginia is warranted and will promote the interest of justice.  Because the Court has granted SER's motion to transfer, it need not address the issue of improper joinder of plaintiffs.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion to Transfer this case to the Eastern District of Virginia (Doc. 2) is GRANTED.

IT IS SO ORDERED.

Dated this  3rd  day of February 2006.

 S/ Julie A. Robinson    
Julie A. Robinson
United States District Judge

---

[32]*Schecher*, 317 F. Supp. 2d at 1261 (quoting *Hill's Pet Prods. v. A.S.U., Inc.*, 808 F. Supp. 774, 777 (D. Kan . 1992)).